UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jill R. Rohring,

                        Plaintiff,

        v.

Commissioner of Social Security,

                        Defendant.

**Decision and Order**

18-CV-593 HBS
(Consent)

## I. INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 9, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 10, 13.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Of the various issues that plaintiff has raised, and after considering all the papers, the issue that draws the Court's immediate attention is the basis for the RFC that the ALJ determined. "While an administrative law judge is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who testified before him." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) (internal quotation marks and citation omitted); *see also House v. Astrue*, No. 5:11-CV-915 GLS, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) ("[A]lthough the RFC determination is an issue reserved for the commissioner, an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.") (internal quotation marks and citations omitted); *Goldthrite v. Astrue*, 535 F. Supp. 2d 329, 339 (W.D.N.Y. 2008) ("An ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion.").

Here, the ALJ considered plaintiff's rheumatoid arthritis, cervical spine fusion surgery, hip problems, and right shoulder injury to arrive at the following RFC, reprinted in its entirety:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can only occasionally climb stairs and ramps, climb ladders and scaffolds, balance, stoop, kneel, crouch, or crawl.

[19.] The RFC contains a considerable amount of detail about activities that plaintiff can or cannot perform, but no treatment source offered any opinion or even raw clinical data indicating these limitations. Plaintiff's rheumatologist, Dr. Ralph Argen, never offered details beyond shoulder tenderness, hip tenderness, and synovitis in both knees. [*E.g.*, 303.] Dr. Matthew Zinno addressed plaintiff's shoulder pain and advised no heavy lifting with the right shoulder in 2013. [306.] Dr. Christopher Hamill assessed plaintiff for neck surgery and later performed the surgery but never

4

addressed functional limitations. [*E.g.*, 346.] Dr. David Bagnall found a 25 percent reduction in plaintiff's cervical range of motion in all directions but offered no opinions about exertional limitations. [*E.g.*, 354.] Neither do any opinions appear in the clinical notes from Dr. Rajwinder Dhillon [414] or Manjushree Dey [472]. The consultative examination from Dr. Hongbiao Liu on January 17, 2014 contains only a brief medical source statement that "the claimant has mild-to-moderate limitations for prolonged walking, bending, and kneeling." [385.]

The only place in the administrative record containing some details from the RFC is the report of the consultative examination from Dr. Rita Figueroa dated April 4, 2016. [559–70.] Several aspects of Dr. Figueroa's form cause the Court some concern. The principal report ends with a brief medical source statement that reads, in its entirety, "The claimant may have difficulty with activities requiring moderate exertion. No other limitations seen today." [564.] The main report does not refer to any attachments. Nonetheless, attached to the report is a form with checkbox fields titled "Medical Source Statement of Ability to do Work-Related Activities (Physical)." [565.] Despite the brief medical source statement in the main report, the accompanying form has checkmarks indicating that plaintiff can occasionally lift up to 20 pounds [565]; can sit, stand, or walk up to an hour without interruption and up to six hours total in an eight-hour workday [566]; can frequently reach with both hands and can continuously handle and feel things with both hands [567]; and can occasionally climb stairs, climb ladders, balance, stoop, kneel, crouch, and crawl [568]. These checkmarks come with no explanations and with no apparent connection to the medical source statement in the main report. The Second Circuit has held that such standardized form opinions are "only marginally useful for purposes of creating a meaningful and reviewable factual record." *Halloran v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004); *see also Mason v. Shalala*, 994

F.2d 1058, 1065 (3d Cir. 1993) ("[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best").

The Court has concerns about Dr. Figueroa's report also in the broader context of additional evidence that plaintiff tried to submit. Plaintiff tried to submit to the Appeals Council an additional medical source statement form prepared by Dr. Stanley Michalski. [118–21.] Dr. Michalski's form consists mostly of checkboxes but does have some comments regarding plaintiff's physical condition. Dr. Michalski prepared the form on August 7, 2016 but confirmed that the information covered two years of treatment beginning in 2014. *See Wojcik v. Colvin*, No. 15-CV-641A, 2016 WL 11483503, at *6 (W.D.N.Y. Aug. 3, 2016) ("When evidence for an important period of time is weak or lacking, subsequent evidence can be considered as long as it helps with the time period under consideration.") (citation omitted), *report and recommendation adopted*, No. 1:15-CV-00641 (MAT), 2016 WL 6775301 (W.D.N.Y. Nov. 16, 2016). Even though Dr. Michalski's form came only a few months after Dr. Figueroa's report and addressed contemporaneous information from 2014, the Appeals Council rejected it. [8.]

The inconsistencies that the Court has described above require remand. At a minimum, upon remand, the Commissioner needs to consider Dr. Michalski's form and needs to be more clear about whether the detail in the RFC is coming exclusively from Dr. Figueroa's checkboxes. Obtaining medical source statements from plaintiff's treating sources might be helpful. The Court wants to be clear that it is not forming any opinion at this time about the accuracy of the RFC or about whether it eventually will be supported by substantial evidence. The Court further will not address any other issues that the parties have raised.

## III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 13). The Court grants plaintiff's cross-motion (Dkt. No. 10) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                                                                                                             */s Hugh B. Scott*

                                                                                                                                             Hon. Hugh B. Scott  
                                                                                                                                             United States Magistrate Judge

DATED: July 31, 2019